# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. ANTHONY JEFFERSON, Petitioner, | ) ) ) ) | |
| v. | ) ) | 09 C 6322 |
| DONALD GAETZ, Respondent. | ) ) ) | |

## MEMORANDUM AND ORDER

Petitioner Anthony Jefferson's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the respondent's motion to dismiss the petition as time-barred are before the court. For the following reasons, the court finds that Jefferson's petition is untimely and thus grants the respondent's motion to dismiss.

## I. Background

Petitioner Anthony Jefferson, prisoner number N84300, is currently in the custody of Warden Donald Gaetz at the Menard Correctional Center in Menard, Illinois. This case arises from a 1997 confrontation tied to drugs and gangs. Jefferson and his co-defendant, Gary Whitmore, forced their way into Perina Lee's apartment. Ultimately, Jeffrey Jordan died from a gunshot wound to the back of his head, Mark Harden was shot and injured, and Marlon Butler escaped unharmed through a shower of bullets as he fled from the apartment. *See People v. Jefferson*, No. 1-06-0550, at 4-17 (People's Brief on Postconviction Appeal).

### A. Direct Proceedings

On October 13, 1999, following a bench trial in the Circuit Court of Cook County, Illinois, Jefferson was found guilty of first degree murder, two counts of attempt murder, and

home invasion. On November 22, 1999 the trial court entered judgment and sentenced Jefferson to a fifty-five-year prison term for first degree murder, and to concurrent twenty-year terms for the remaining counts, for an aggregate sentence of seventy-five years.

Jefferson appealed, and the Illinois Appellate Court affirmed on August 1, 2001. Jefferson filed a petition for leave to appeal ("PLA") with the Illinois Supreme Court on September 17, 2001, which was denied on December 5, 2001. Jefferson did not file a petition for a writ of certiorari with the United States Supreme Court.

### B.     State Complaint

On February 27, 2001, while his direct appeal was pending, Jefferson filed a complaint for declaratory and injunctive relief with the Circuit Court of Cook County. Jefferson contended that the Cook County Public Defender was abusing its discretion by filing too many briefs pursuant to *Anders v. California*, 386 U.S. 738 (1967). The court dismissed the complaint on July 26, 2001. Jefferson did not appeal.

### C.     State Post-Conviction Petition

On June 11, 2002, Jefferson filed a pro se state post-conviction petition under 725 ILCS § 5/122-1, *et seq*. The petition included a notarized "notice of filing" attesting that Jefferson "served" the petition on the circuit court and the Cook County State's Attorney on June 4, 2002, presumably by placing them in the mail or by giving them to prison authorities for mailing. The court, like the respondent, will give Jefferson the benefit of the mailbox rule and use the earlier date for statute of limitations purposes. On February 8, 2006, the trial court denied the petition.

The state appellate court affirmed on June 10, 2008. Jefferson filed a PLA that was denied on November 26, 2008. Jefferson did not file a petition for a writ of certiorari with the United States Supreme Court.

### D. Federal Habeas Petition

Jefferson deposited his § 2254 petition in the prison mail system with prepaid first class postage on October 1, 2009. *See* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts (inmates must "set forth the date of deposit [in the prison's mail system] and state that first-class postage has been prepaid").

## II. Discussion

### A. Statute of Limitations

A one-year statute of limitations applies to petitions for a writ of habeas corpus. 28 U.S.C. § 2244(d). The statute of limitations begins to run when the latest of several events occur, including the one applicable here: the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A). As noted above, the Illinois Supreme Court denied Jefferson's PLA on December 5, 2001.

For statute of limitation purposes, if a habeas petitioner does not seek certiorari, his direct appeal concludes ninety days after the state court of last resort denies relief. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2000). Thus, the one-year statute of limitations began to run ninety days after December 5, 2001, which is March 5, 2002. A properly filed state post-conviction petition stops the statute of limitations from running. 28 U.S.C. § 2244(d)(2). Jefferson's state court complaint does not help him, even if it were to somehow be construed as a

state post-conviction petition, as it was denied in July of 2001. Jefferson filed a state post-conviction petition on June 4, 2002.

There are 91 days between March 5, 2002, and June 4, 2002, so as of the date that Jefferson filed his state postconviction petition, he had used up 91 days out of the one-year limitations period. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (establishing anniversary date as last day to file habeas petition). As of June 4, 2002, the statute of limitations again was tolled until November 26, 2008, when the Illinois Supreme Court denied Jefferson's PLA.

Jefferson did not file a petition for a writ of certiorari with the United States Supreme Court, and is not entitled to "toll[ing] during the 90 days he could have sought certiorari after the state supreme court denied leave to appeal in his postconviction proceedings." *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008), *citing Lawrence v. Florida*, 549 U.S. 327 (2007). This means that the limitations clock began to tick again on November 27, 2008, the day after Jefferson's PLA was denied.

At this point, Jefferson had 274 days in which to file a § 2254 petition (the 365 day limitations period minus the 91 days Jefferson had already used up). This means his § 2254 petition was due August 28, 2009. Jefferson, however, deposited his § 2254 petition in the prison mail system with prepaid first class postage on October 1, 2009. This is clearly well after the one-year limitations period expired. Accordingly, Jefferson's petition is untimely.

B.  **Equitable Tolling**

Jefferson asks the court to find that the 91 days between the denial of his PLA and the filing of his state post-conviction petition were equitably tolled because he was proceeding pro se and did not realize that this time would be counted against him. Response, Dkt. 19 (Jefferson's "motion to support petitioner's timely filed petition for a writ of habeas corpus"). Unfortunately for Jefferson, however, the Seventh Circuit has repeatedly rejected this position. *See, e.g., Tucker v. Kingston*, 538 F.3d 732, 734-35 (7th Cir. 2008) (collecting cases holding that "limited resources," "the lack of legal expertise," and a "prisoner's limited access to the prison law library" are not grounds for equitable tolling).

Moreover, to the extent that equitable tolling is available, to be entitled to take advantage of this doctrine, Jefferson "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotations omitted). The court has carefully studied the entire record and finds that the only explanation for Jefferson's current situation – and the explanation he proffers – is his failure to understand the often complex rules used to calculate the due date for a federal habeas petition. This does not satisfy the high standard required by the Supreme Court, so even if equitable tolling was available, it would not be applicable here. The court thus empathizes with Jefferson's predicament, but finds that his habeas petition is barred by the statute of limitations.

C.  **Certificate of Appealability**

As a result of recent amendments to Rule 11 of the Rules Governing § 2254 Cases, the court must consider whether a certificate of appealability should issue. *See* Rule 11(a) of the

Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters "a final order adverse to the applicant").

Under 28 U.S.C. § 2253(c)(2): "(1) [a] certificate of appealability may be issued only if the prisoner has at least one substantial constitutional question for appeal; (2) [t]he certificate must identify each substantial constitutional question; (3) [i]f there is a substantial constitutional issue, and an antecedent non-constitutional issue independently is substantial, then the certificate may include that issue as well; (4) [a]ny substantial non-constitutional issue must be identified specifically in the certificate; [and] (5) [i]f success on a non-constitutional issue is essential (compliance with the statute of limitations is a good example), and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal." *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

Here, although Jefferson was confused by the habeas tolling rules, the court finds that the statute of limitations issue is governed by a straightforward application of well-established precedent. Accordingly, the court finds that there can be no substantial question regarding the statute of limitations and declines to issue a certificate of appealability.

## III.     Conclusion

For the above reasons, Jefferson's "motion to support petitioner's timely filed petition for a writ of habeas corpus" [#19] is denied, the respondent's motion to dismiss Jefferson's § 2254 petition as time-barred [#15] is granted, and the court declines to issue a certificate of

appealability. The clerk is directed to enter a Rule 58 judgment and to terminate this case from the court's docket.

DATE:   April 20, 2010   _____
Blanche M. Manning
United States District Judge